```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
LUIS VILLENA,                         : 07 Civ. 3485 (GEL) (JCF)
                                      :
          Plaintiff,                  :      REPORT AND
                                      :      RECOMMENDATION
     - against -                      :
                                      :
DETECTIVE JOSEPH OQUENDO,             :
DETECTIVE JOHN DOE 1, DETECTIVE       :
JOHN DOE 2, MANHATTAN SOUTH           :
POLICE DEPARTMENT, A.D.A JOHN DOE,    :
                                      :
          Defendants.                 :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE GERARD E. LYNCH, U.S.D.J.:

Luis Villena brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his constitutional rights when he was arrested without probable cause. Mr. Villena sued Detective Joseph Oquendo and the "Manhattan South Police Department" as well as other detectives and an assistant district attorney, all of whom he identified only as "John Does." Only Detective Oquendo was served with the summons and complaint. He has now submitted a letter motion seeking to dismiss the action for failure to prosecute. For the reasons that follow, I recommend that the motion be granted.

Background

Mr. Villena alleges that on July 10, 2004, he was walking on 42nd Street toward 10th Avenue in Manhattan when he was accosted by several police officers, including Detective Oquendo. He was arrested and strip searched, though he was not informed of the

1

charges against him at that time. Only after meeting with assigned counsel did he learn that he had been charged with Criminal Sale of a Controlled Substance in the Third Degree. The case proceeded to trial, and the plaintiff was acquitted. (Complaint, Statement of Claim).

Mr. Villena initially challenged the circumstances of his arrest in a complaint filed with this Court on June 22, 2005. <u>Villena v. Oquendo</u>, 05 Civ. 5803 (LAP)(DFE).[1] Magistrate Judge Douglas F. Eaton issued an order directing the plaintiff to effect service by October 12, 2005. (Memorandum and Order dated Sept. 1, 2005). When Mr. Villena did not comply, Judge Eaton recommended that the complaint be dismissed without prejudice, and the Honorable Loretta A. Preska, U.S.D.J., adopted that recommendation. (Order dated Dec. 1, 2005). The plaintiff sought reconsideration, but Judge Preska denied his application. (Order dated July 10, 2006).

Mr. Villena then submitted his complaint in this action to the Court in early April, 2007, and it was filed on May 2, 2007. At the time he commenced the action, he was incarcerated at the Downstate Correctional Facility on apparently unrelated charges. Subsequently, he filed a notice of change of address, indicating that he was now detained in a New York City correctional facility

---

[1] Although the lead defendant's name was spelled differently in that case, Mr. Villena is apparently referring to the same individual that he has sued here as Detective Oquendo.

on Riker's Island. Again, the plaintiff had difficulty effecting service, but the summons and complaint were ultimately served on Detective Oquendo. In December 2007, counsel for the defendants submitted two letters noting that Mr. Villena could no longer be reached at the addresses he had previously provided and had provided no new contact information. Accordingly, counsel sought an extension of the time to answer or dismissal of the action for failure to prosecute. (Letters of David M. Hazan dated Dec. 24 and Dec. 28, 2007). I granted the extension of time but denied the motion to dismiss as premature. (Memorandum Endorsement dated Jan. 17, 2008).

The defendants then sought an order directing Mr. Villena to execute a release authorizing the unsealing of the records of his arrest. In an Order dated February 27, 2008, I granted that application and directed the plaintiff to supply the release by March 14, 2008. I also indicated that if Mr. Villena failed to comply, his complaint would be dismissed. (Order dated Feb. 27, 2008). When the defendants received no response from the plaintiff, they submitted the instant application.

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii-vii)." Rule 37(b)(2)(A)(v), in

3

turn, authorizes dismissal of the action as a sanction. Rule 41(b) provides in pertinent part that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal under Rule 41(b) is a harsh remedy that is only appropriate in extreme circumstances. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding pro se, the court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. See Spencer, 139 F.3d at 112. Nevertheless, "litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

4

Mr. Villena has consistently delayed litigation of his claim. He filed the same action in 2005 but failed to pursue it. After Judge Preska declined to reconsider her dismissal of that case in July 2006, the plaintiff waited nine months to refile. Furthermore, there is no end in sight to the current delay, since there is no way to know when Mr. Villena might reemerge and seek to revive this litigation.

The plaintiff received explicit notice of the consequences of his failure to cooperate in discovery. In my Order dated February 27, 2008, I advised him that failure to provide the requested release would result in dismissal. He responded to my warning by ignoring the order and discontinuing communication with the defendants and the Court. Moreover, since Mr. Villena failed to respond to my order and the defendants' motion to dismiss, he has also failed to dispute that he was notified of the consequences of his continued failure to cooperate in discovery. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (pro se plaintiff failed to respond to motion to dismiss and so failed to dispute that he was notified of consequences of failure to prosecute), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiff's refusal to cooperate with discovery requests is clearly prejudicial. See United States ex rel. Roundtree v. Health and Hospitals Police Department, No. 06 Civ. 212, 2007 WL 1428428, at *1-2 (S.D.N.Y. May 14, 2007) (case

dismissed because plaintiff failed to provide court or defendants with contact information); Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997)(case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's discovery requests). The plaintiff's non-compliance has left the defendants unable even to begin to prepare this case, since the sealed records of the arrest provide the basic information necessary to proceed.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having his day in court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, Mr. Villena's claim on the Court's time is undermined by his failure to comply with his discovery obligations under the Federal Rules. See Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

No sanction short of dismissal is appropriate. In a case where a party's delay has caused the adversary only to incur expenses, monetary sanctions may be sufficient. But here, in addition to incurring the cost of moving to compel discovery, the defendants have also suffered prejudice in their ability to prepare for trial. And, while an adverse inference might in some circumstances be a sufficient remedy, that is not the case here.

The discovery that the plaintiff has failed to produce goes to the heart of his case. Consequently, while an adverse inference would ultimately be fatal to his claims, it would be unfair to require the defendants to expend still more resources to reach the inevitable result of dismissal. See Mathews, 176 F.R.D. at 445.

Conclusion

For the reasons set forth above, I recommend that the defendants' motion be granted and the action be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Gerard E. Lynch, Room 910, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 27, 2008

Copies mailed this date:

7

Luis Villena a/k/a Luis Villanova
05-A-6397
Downstate Correctional Facility
P.O. Box 445
Fishkill, New York 12524-0445

Luis Villena
#349-07-12083
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, New York 11370

David M. Hazan, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

8